```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                    :
4 WEST 21st STREET OWNERS CORP.,                    :
                                                    :
                       Plaintiff,                   :
                                                    :         25 Civ. 7173 (JPC)
            -v-                                     :
                                                    :              ORDER
BREM REALTY, LLC,                                   :
                                                    :
                       Defendant.                   :
                                                    :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff filed its Complaint on August 28, 2025, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship under 28 U.S.C. § 1332. Dkt. 1. According to the Complaint, Plaintiff is "a cooperative housing corporation organized and existing under the Business Corporation Law of the State of New York." *Id.* ¶ 6. The Complaint further alleges that Defendant "is a limited liability company organized and existing under the laws of the State of New York," *id.* ¶ 7, and a "citizen of California and . . . not a citizen of New York." *Id.* at ¶ 12.

A limited liability company ("LLC") takes the citizenship of its members. *See Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Brady v. IGS Realty Co.*, No. 19 Civ. 10142 (PAE), 2020 WL 5414683, at *10 (S.D.N.Y. Sept. 8, 2020). And "[f]or diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). A complaint premised upon diversity of citizenship must therefore allege the citizenship of natural persons who are members of an LLC as well as the place of incorporation and principal place of business of any corporate entities that are members of the LLC or otherwise parties to the case. *See Handelsman*, 213 F.3d at 51-52; *see, e.g.*, *New

1

*Millennium Cap. Partners, III, LLC v. Juniper Grp. Inc.*, No. 10 Civ. 46 (PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010).  Here, the Complaint alleges only parties' places of incorporation, where they are located, and where they own property.  It does not allege Plaintiff's principal place of business or the citizenship of any of Defendant's members, as is required for the purposes of diversity jurisdiction.

Accordingly, no later than September 9, 2025, Plaintiff shall amend its Complaint to allege its principal place of business as well as the citizenships of Defendant's members.[1]  If Plaintiff fails to amend its Complaint by that date, or otherwise properly establish this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), the Court will dismiss this action for lack of subject matter jurisdiction without further notice.

SO ORDERED.

Dated: September 2, 2025
New York, New York

JOHN P. CRONAN
United States District Judge

---

[1] Additionally, under Federal Rule of Civil Procedure 7.1(a)(2), "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must . . . file a disclosure statement . . . [that] name[s]—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor."