Arnold & Porter

**Eric N. Whitney**
+1 212.836.7930 Direct
Eric.Whitney@arnoldporter.com

October 19, 2026

**VIA ECF**

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

Re: *4 West 21st Street Owners Corp. v. BREM Realty, LLC*, 25 Civ. 7173 (JPC) – Response to Plaintiff's Request to Defer Ruling on Defendant's Motion for Attorneys' Fees (ECF No. 45)

Dear Judge Cronan:

We represent Defendant BREM Realty, LLC ("BREM"). We write in response to the request of Plaintiff 4 West 21st Street Owners Corp. ("Tenant") that the Court deny BREM's motion for attorneys' fees without prejudice in light of Tenant's notice of appeal, ECF No. 45 ("Tenant Ltr."), and in light of the Court's October 16 Order stating that the Court will first decide whether to defer ruling, ECF No. 47. BREM respectfully requests that the Court decide its motion now. This letter is limited to that question, and BREM reserves its right to reply on the merits once Tenant responds as the Court has directed.

The contract is clear. Section 14.13 of the Ground Lease provides that the prevailing party "shall be entitled to be reimbursed" for its reasonable attorneys' fees and disbursements, and Tenant invoked that same clause when it sought its own fees. ECF No. 43-1 § 14.13; ECF No. 10 ("Am. Compl.") ¶ 34 & at 19 (Wherefore Cl. (c)). BREM is the prevailing party under the Court's judgment, ECF No. 40, and has paid the fees it seeks. ECF No. 43 ¶ 9. Tenant identifies no reason the motion cannot be decided now other than the pendency of its appeal.

Deferral is discretionary, and the Second Circuit's reasoning favors ruling now. Tenant relies on the Advisory Committee Note to Rule 54(d)(2), which lists ruling on the fee claim as the first option when an appeal is taken. Tenant Ltr. at 1. The "leading case" Tenant cites, *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220 (2d Cir. 2004), did not decide whether a court should defer or deny a fee motion rather than rule on it during an appeal.

Arnold & Porter



The Second Circuit instead addressed whether a district court keeps jurisdiction over a fee motion after a notice of appeal, concluding that it does, and what showing is required before a court may allow a party to renew a fee motion filed after the 14-day deadline. *Id.* at 225-28. Tenant leaves out that the initial motion for attorneys' fees there was untimely, and that the district court denied it without prejudice after noting as much, not as an application of any default rule of deferral. *Id.* at 226 ("Noting that the motion was untimely, the district court denied the motion without prejudice to renewal after the disposition of the then-pending appeal."). Tenant also omits that the same opinion explains that Rule 54(d)(2)(B)'s 14-day deadline exists in part "to encourage a prompt ruling on fees to facilitate a consolidated appeal on both the merits and the attorneys' fee issue," and to resolve fee disputes "while the services performed are freshly in mind." *Id.* at 227 (citing *Weyant v. Okst*, 198 F.3d 311, 315 (2d Cir. 1999)).

Tenant's cases show that courts may defer fee motions during an appeal, not that they must, and there is plenty of authority deciding such motions instead. In *Giuffre Hyundai, Ltd. v. Hyundai Motor Am.*, No. 13-520, 2013 WL 5205648, at *1 (E.D.N.Y. Sept. 13, 2013), *aff'd*, No. 13-3581 (2d Cir. Sept. 10, 2014) (summary order), the court declined the plaintiff's alternative request to delay a fee ruling, citing the benefits of a "prompt ruling on fees to facilitate a consolidated appeal." In *Adstra, LLC v. Kinesso, LLC*, No. 24-2639, 2025 WL 1070034, at *2-3 (S.D.N.Y. Apr. 9, 2025), the court decided a contractual fee motion over the plaintiff's request to defer, explaining that routine deferral "would disserve one of the main objectives of Rule 54(d)(2)(B)." Other courts have done the same. *See Stevens v. Rite Aid Corp.*, No. 13-783, 2016 WL 6652774, at *2, *7 (N.D.N.Y. July 6, 2016) (deciding fee motion while cross-appeals were pending because briefing was still being performed and awarding attorneys' fees); *Barrella v. Vill. of Freeport*, 56 F. Supp. 3d 169, 172-74 (E.D.N.Y. 2014) (declining to hold supplemental fee motion in abeyance); *Veltri v. Bldg. Serv. 32B-J Pension Fund*, No. 02-4200, 2004 WL 856329, at *1, *4 (S.D.N.Y. Apr. 20, 2004). And the Second Circuit has reviewed fee awards entered during merits appeals. *See Wong v. Mangone*, 450 F. App'x 27, 31-32 (2d Cir. 2011); *Holick v. Cellular Sales of N.Y., LLC*, 48 F.4th 101, 105 (2d Cir. 2022) (affirming fee award entered while merits appeals were pending).

Tenant's concern that a reversal would eliminate BREM's prevailing-party status, *see* Tenant Ltr. at 1-2, applies to every fee motion decided during an appeal. If the judgment were reversed, the award would fall with it. *Ace Partners, LLC v. Town of E. Hartford*, 883 F.3d 190, 202-03 (2d Cir. 2018) (reversal of merits judgment "necessarily extends to reverse the award of attorney's fees"). Nor would a ruling now delay Tenant's appeal. A pending fee motion generally does not affect the finality of the judgment, even where fees are sought by contract. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988); *Ray Haluch Gravel Co. v. Central Pension Fund*, 571 U.S. 177, 185-86 (2014). A

Arnold & Porter



ruling now simply allows any challenge to the award to travel with that appeal, rather than in a second one.

Finally, deferral would give Tenant an unsecured stay of its obligation to pay. Tenant has not posted a bond or other security, as Rule 62(b) would require for a stay. Yet deferral would suspend its obligation under Section 14.13 for many months. As *Adstra* recognized, deferral would effectively stay a fee obligation without the security a stay ordinarily demands. 2025 WL 1070034, at *3. Nor does Tenant face any real risk. BREM owns the land, which Tenant's own appraiser valued at $14.5 million, Am. Compl. ¶ 64, and the Ground Lease runs through May 31, 2099, with rent that runs to tens of millions of dollars over the remaining term. ECF No. 43-1 §§ 1.2, 3.2.1, 3.3.2; Am. Compl. ¶¶ 65-68. Any amount owed back to Tenant after a reversal could readily be recovered from such a landlord. It is not equitable for Tenant to obtain what is in effect a months-long stay of its obligation to pay attorneys' fees simply because it filed an appeal.

For these reasons, BREM respectfully requests that the Court deny Tenant's request and decide BREM's motion now. BREM does not request deferral. Should the Court nevertheless defer ruling or deny the motion without prejudice, BREM respectfully requests that the order set a renewal date, such as 21 days after entry of the Second Circuit's mandate, deem the October 1, 2026 motion timely, and preserve the existing papers. *See Marsh & McLennan Agency LLC v. Ferguson*, No. 19-3837, 2026 WL 2085540, at *6 (S.D.N.Y. July 20, 2026); *Ema Financial, LLC v. Vystar Corp.*, No. 19-1545, 2024 WL 4907848, at *2 (S.D.N.Y. Aug. 5, 2024).

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/ Eric N. Whitney
Eric N. Whitney
*Counsel for Defendant*
*BREM Realty, LLC*

cc: John G. McCarthy, Esq. (via ECF)

Defendant's motion for attorneys' fees is denied without prejudice. *See Marsh & McLennan Agency LLC v. Ferguson*, No. 19 Civ. 3837 (VSB), 2026 WL 2085540, at *3 (S.D.N.Y. July 20, 2026) ("Courts in this Circuit regularly defer the award of attorneys' fees or deny the motion without prejudice pending the resolution of an appeal on the merits." (internal quotation marks omitted)). If Defendant prevails on appeal, it may renew its motion within 21 days after entry of the Second Circuit's mandate. The Clerk of Court is respectfully directed to close the motion pending at Docket Number 41.

SO ORDERED.
October 20, 2026
New York, New York

JOHN P. CRONAN
United States District Judge